RICHARD C. DALTON, LLC
Richard C. Dalton (Cal. Bar No. )
P.O. Box 358
Carencro, Louisiana 70520
Telephone: (337) 371-0375
E-Mail: rick@rickdaltonlaw.com
Counsel for Plaintiff and the Putative Class

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **CHRISTIAN A. DALTON, Individually and on Behalf of All Others Similarly Situated,** | **CIVIL ACTION NO:** 3:21-cv-00697 |
| **Plaintiffs,** | |
| v. | |
| **ROBINHOOD SECURITIES LLC; ROBINHOOD FINANCIAL LLC; AND ROBINHOOD MARKETS, INC.** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff CHRISTIAN A. DALTON ("Dalton" or "Plaintiff"), on behalf of himself and all other similarly situated (the "Class," as defined below), alleges as follows upon information and belief based, inter alia, upon investigation conducted by Plaintiff and his counsel, except as to those allegations pertaining to Plaintiff personally, which are alleged upon knowledge:

-1-

# INTRODUCTION

1. ROBINHOOD is an online brokerage firm.

2. ROBINHOOD purposefully, willfully, and knowingly removed the stocks Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD" from its trading platform in the midst of an unprecedented stock rise thereby depriving retail investors the ability to invest in the open-market and manipulate the open-market.

3. Plaintiff and the Class were damaged because they were prevented from using their accounts and making planned trades or exercising options, which would have been very lucrative.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate claims of all members of the proposed class exceed $5 million, exclusive of interest and costs, and there are more than 5,000 class members. Many members of the proposed class are citizens of a state different from Defendants.

5. This Court is the proper venue for this action because a substantial part

of the events, omissions, and acts giving rise to the claims herein occurred in this District where ROBINHOOD is headquartered and where it provided the financial services which are the subject of the present complaint.

6. This Court has personal jurisdiction over ROBINHOOD because it is headquartered in and authorized to do business and does conduct business in California, and because it has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state to render the exercise of jurisdiction by this Court permissible.

7. Intradistrict assignment to the San Francisco Division is appropriate because substantial part of the events or omissions which give rise to the claims asserted herein occurred in this Division, including that Defendants reside in this Division.

## **PARTIES**

8. Plaintiff, CHRISTIAN A. DALTON, resides in Carencro, Louisiana and is a user of the ROBINHOOD platform.

9. Defendant ROBINHOOD MARKETS, INC. ("ROBINHOOD" or the "Company") is a financial services company headquartered in Menlo Park, California. ROBINHOOD is a trading app and platform that lets investors trade stocks, options, exchange-traded funds and cryptocurrency.

10. ROBINHOOD FINANCIAL LLC and ROBINHOOD SECURITIES, LLC are wholly-owned subsidiaries of ROBINHOOD Markets, Inc.

11. ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC, AND ROBINHOOD SECURITIES, LLC are collectively referred to as ROBINHOOD and/or "Defendants".

## STATEMENT TO FACTS

12. ROBINHOOD is a U.S.-based financial services company headquartered in Menlo Park, California. The company offers a mobile app and website that offers people the ability to invest in stocks, ETFs, and options through ROBINHOOD Financial and crypto trading through ROBINHOOD Crypto. ROBINHOOD operates a website and mobile apps for iPhone, Apple Watch, and Android. The company has no storefront offices and operates entirely online.

13. ROBINHOOD is a FINRA1-approved broker-dealer, registered with the U.S. Securities and Exchange Commission ("SEC"), and is a member of the Securities Investor Protection Corporation.

14. ROBINHOOD has 10 million users.

15. ROBINHOOD is an online brokerage firm. Its customers place securities trades through the firm's website, by using a web-based application (or "app"). ROBINHOOD permits customers to purchase and sell securities, including futures

-4-

contracts.

16. ROBINHOOD has experienced significant growth as a relatively new online brokerage firm.

17. In 2019, ROBINHOOD raised $323 million in funding at a $7.6 billion valuation. The firm markets itself primarily to younger investors and claims over 10 million users of its trading app.

18. On or about March 23, 2016, ROBINHOOD's official Twitter account stated: "Let the people trade." They have since disregarded their mantra and have blocked access for millions of its customers to trade particular securities.

19. On or around January 22, 2021, stocks in Gamestop Corp. "GME"; began to rise.

20. At that time, ROBINHOOD allowed retail investors to trade GME on the open market.

21. On or about January 28, 2021, ROBINHOOD deprived Plaintiff and the members of the Class the ability to use its services by intentionally, abruptly, purposefully, willfully and knowingly preventing the legitimate trading of Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY";  Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD" from their app.

Meaning, retail investors could no longer invest, day trade or even search for the stocks on ROBINHOOD's app.

22. Upon information and belief, Defendants' actions were done purposefully, knowingly and intentionally to manipulate the market for the benefit of people and financial intuitions other than Defendants' own client investors.

23. Since pulling the stocks from their app, Defendants' have manipulated the stock prices to go both up and down, depriving its client investors of potential gains.

24. Additionally, Defendants deprived its client investors the ability to "short" the stocks while day trading.

25. The Defendants have completely blocked its client investors from purchasing the aforementioned stocks for no legitimate reason, thereby depriving its client investors the benefits of Defendants' services.

26. The Financial Industry Regulatory Authority ("FINRA"), which governs brokers like ROBINHOOD, espouses rule 5310 regarding "Best Execution and Interpositioning." Rule 5310.01 requires that ROBINHOOD "must make every effort to execute a marketable customer order that it receives promptly and fully." By failing to respond at all to its client investors' placing timely trades and outright blocking its clients investors from trading in stocks, the Defendants have breached their duty and

obligations to its client investors and caused substantial losses due solely to the Defendants' intentional acts.

27. Upon information and belief, ROBINHOOD is pulling securities like Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD," from its platform in order to prevent its client investors the ability to trade the stocks in the open market, thereby, slowing growth which in turn helped benefit individuals and institutions who are not clients of ROBINHOOD but are ROBINHOOD's large institutional investors or potential investors.

28. On January 28, 2021, Plaintiff used his ROBINHOOD app and was unable to purchase "GME" stock as planned for that day but was limited to only selling the stocks that Defendants' unlawfully blocked from purchasing. At times, some members of the Class could not find the stocks on the ROBINHOOD app, although all of these stocks are publicly traded companies available on other platforms.

29. Thus, Plaintiff and members of the Class lost out on earning and profit opportunities.

## **CLASS ALLEGATIONS**

30. Plaintiff brings this action individually and on behalf of a Class, defined as "All customers of ROBINHOOD's trading platform." Excluded from the Class are Defendants, and any of their officers, directors, and employees, and their legal representatives, heirs, successors, or assigns.

31. This action is properly maintainable as a class action because: (1) The Class is so numerous that joinder of all members is impracticable; (2) There are questions of law and fact which are common to the Class including, whether the Defendants violated various laws or were fraudulent or negligent, and whether the Class is entitled to damages, as a result of Defendants' wrongful conduct; (3) Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature; (4) Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff has the same interests as the other members of the Class, such that Plaintiff will fairly and adequately represent the Class; (5) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests; and (6) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION – FRAUD AND DECEIT

32.   Plaintiff hereby incorporates all of the foregoing paragraphs.

33.   Upon information and belief, Defendants' conduct constitutes fraud against Plaintiff and the members of the Class. Defendants, directly or through their agents and employees, prevented Plaintiff and the members of the Class the ability to use the ROBINHOOD app to buy Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY";  Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD," stocks for no other legitimate reason but to manipulate the stock prices to decline. Defendants intended to defraud Plaintiff and the Class by concealing that the service would block the legitimate buying and selling

of the aforementioned stocks; complete access to their accounts; or make trades and/or the ability to access their funds to transfer to another brokerage firm in order to make legitimate and lawful day trades.

34. Plaintiff and the Class justifiably relied on the Defendants representations and would not have invested in the ROBINHOOD app and services had they known that the Defendants would prevent them from legitimate day trading and access to their funds. As a result, Plaintiff and the members of the Class sustained damages.

35. Defendants, directly and indirectly, made substantially similar misrepresentations and material omissions to Plaintiff and each member of the Class.

36. On information and belief, Defendants were aware of the fraudulent nature of their actions which caused Plaintiff and members of the Class damages.

37. As a result of Defendants' wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages.

38. Defendants' acts were done maliciously, oppressively, and with intent to defraud, and Plaintiff and the Class are entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

**SECOND CAUSE OF ACTION – VIOLATION OF CLRA**

39. Plaintiff incorporates by reference each and every allegation contained

above.

40. The acts and practices of Defendants as described above were intended to deceive Plaintiff and the Class as described herein and have resulted in harm to Plaintiff and the Class.

41. The actions violated and continue to violate the California Consumer Legal Remedies Act (CLRA) in at least the following aspects:

    a. In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that the services have characteristics, uses or benefits, which they do not.

    b. In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that the services are of a particular quality, which they are not.

42. By committing the acts alleged above, Defendants have violated the CLRA.

43. Pursuant to California Civil Code § 1780(a) Plaintiff and the Class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, restitution, an order awarding the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780.

**THIRD CAUSE OF ACTION – DECLARATORY RELIEF**

44. Plaintiff incorporates by reference each and every allegation contained above

45. An actual controversy has arisen and now exists between Plaintiff and the Defendants. As described above, Plaintiff contends that Defendants' conduct violated certain rights and duties.

46. A judicial determination of these issues and of the respective rights and duties of Plaintiff and Defendants is necessary and appropriate at this time under the circumstances, including, but not limited to, a determination of any question of interpretation and validity of the written agreements between the parties and the Defendants attempts to limit liability.

47. Plaintiff seeks a judicial determination of the duties Defendants owe to their users, their duty to operate reliable services, and their duty not to prevent the trading of Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD."

48. Plaintiff seeks a judicial determination of the rights of Plaintiff and the class under the circumstance alleged herein.

**FOURTH CAUSE OF ACTION – VIOLATION OF UCL**

49. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

50. California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) is designed to protect consumers from unlawful, unfair, or fraudulent business acts or practices, including the use of any deception, fraud, false pretense, misrepresentation, or the concealment, suppression, or omission of any material fact.

51. Defendant has engaged, and continues to engage, in unfair business practices with regard to its services, as alleged herein. Defendants' conduct is not outweighed by any countervailing benefits to consumers.

52. Defendants' conduct is also fraudulent. Defendants prevented Plaintiff and members of the Class from trading Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD" and prevented users from accessing their accounts and their actual investment funds.

53. Defendants' conduct and the harm it caused, and continues to cause, is not reasonably avoidable by Plaintiff and the Class members. Defendants intentionally prevented Plaintiff and the Class members from making legitimate trades in the Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC";

BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD," stocks.

54. Had Plaintiff and the Class members known that the Defendants' would intentionally prevent them from trading Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD," and/or access to their accounts and actual investment funds, then they would not have used the Defendants' services.

55. Defendant's conduct is also unlawful, and violates FINRA rules requiring them to make required disclosures to consumers and not to make false and misleading advertising, as alleged herein.

56. Defendants' unfair, fraudulent, and unlawful business practices directly and proximately caused damages to Plaintiff and the Class members.

57. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order: (a) requiring Defendants to cease the deceptive and unfair business practices alleged herein; (b) requiring Defendant to restore to Plaintiff and the Class members any money acquired by means of the deceptive and unfair business practices (restitution); and (c) awarding reasonable costs and attorneys' fees pursuant to Cal.

Civ. Code § 1021.5.

## **FIFTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

58. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

59. Defendants as brokers owe a fiduciary duty to their investors, including Plaintiff and the members of the Class. Plaintiff and the members of the Class are customers of Defendants and they trusted Defendants to provide the services the Defendants advertised and promised.

60. The fiduciary duty arising from the relationship between Plaintiff and the members of the Class and Defendants was breached by the Defendants' intentionally preventing the Plaintiff and members of the Class from trading Gamestop Corp. "GME"; AMC Entertainment Holdings Inc "AMC"; BlackBerry Ltd "BB"; Nokia Oyj "NOK"; Bed Bath & Beyond, Inc. "BBBY"; Express, Inc. "EXPR"; Koss Corporation "KOSS"; and Naked Brand Group Ltd "NAKD" and access to their accounts and actual investment funds.

61. Defendants breached their fiduciary duties directly and proximately caused damage to Plaintiff and the members of the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, demands a jury trial and prays for judgment as follows:

A. For a declaration of the rights and duties of the parties;

B. For a declaratory judgment that Defendants' actions complained herein are violations of the laws set forth herein;

C. Preliminarily and permanently enjoining Defendants from violating their duties and the rights of Plaintiffs as alleged herein;

D. Declaring this action to be a proper class action and certifying Plaintiff as the Class Representative;

E. Awarding Plaintiff and the other members of the Class compensatory damages against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

F. Awarding punitive damages and restitution where available;

G. Awarding Plaintiff and the other members of the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and disbursements; and

H. Awarding Plaintiff and the other members of the Class such other and

further relief as the Court may deem just and proper.

## JURY DEMAND

62. Plaintiff and members of the Class hereby demand a trial by jury.

Dated: January 28, 2020

                                              RESPECTFULLY SUBMITTED:

                                              BY: /s/ *Richard C. Dalton*
                                              Richard C. Dalton
                                              Texas Bar No. 24033539
                                              Louisiana Bar No. 23017
                                              California Bar No. 268598
                                              P.O. Box 358
                                              Carencro, Louisiana 70520
                                              rick@rickdaltonlaw.com
                                              (337) 371-0375

                                              ATTORNEY FOR PLAINTIFF